IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DAVID LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:12cv1003-MHT |
| ) | (WO) |
| PANERA, LLC, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter is before the court on the parties' joint motion for approval of settlement agreement and of dismissal with prejudice. The court has before it the settlement agreement and full and final general release of all claims signed by all parties.

On November 14, 2012, plaintiff David Lyons filed his complaint against defendant Panera, LLC, asserting that the company had failed to pay him overtime owed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

On August 8, 2013, the parties filed the pending motion for approval of the settlement agreement. The

agreement included a payment to Lyons for backpay and liquidated damages for his FLSA claims and a payment to his counsel for attorneys' fees incurred in prosecuting the FLSA claims.

The court held a hearing on September 6, 2013, to discuss this motion and address the settlement agreement. At this hearing, the parties' counsel represented that the agreement was fair and reasonable and asked for the court's approval of it. Further, Lyons stated that he was satisfied with the agreement. The court responded that it would unseal the settlement agreement and expressed concern about the agreement's confidentiality provision, which would prevent Lyons from disclosing the terms and existence of the settlement unless required under law.

When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's FoodStores, Inc. v. United States Dept.

2

of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).  Here, the court finds that the parties have reached an agreement based on a negotiated, good-faith compromise of a bona-fide dispute over application of relevant provisions of the FLSA and of back wages owed under the FLSA based on the assertion that Lyons was not properly compensated for overtime worked. Furthermore, the court finds that the agreement reflects a fair and reasonable resolution of the dispute between the parties.

The court, however, will not grant the parties' request that the settlement agreement be sealed.  The settlement agreement is a matter of public record. See Stalnaker v.Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala.2003) (Thompson, J.); see also Dees v. Hydradry Inc., 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) (Merryday, J.).

The court also rejects the confidentiality provision in the settlement agreement, and thus Lyons is not prevented from disclosing the existence and terms of this

settlement agreement, including the amount of the settlement. See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011) (Thompson, J.) at 1283; Dees, 706 F. Supp. 2d at 1242. With the understanding that the proposed settlement incorporates the modifications discussed above, the court will approve the proposed settlement.

An appropriate judgment will be entered.

DONE, this the 9th day of September, 2013.

  /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**